UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARK P. DONALDSON,

        Plaintiff,

                                              Case Number 99-10433

v.                                            Honorable David M. Lawson

UNITED STATES OF AMERICA,

        Defendant.

_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR
RECONSIDERATION AND OVERRULING PLAINTIFF'S OBJECTIONS**

On October 13, 2005, the Court entered an order overruling certain objections the plaintiff had filed to procedural orders issued by the magistrate judge. The Court overruled the objections solely because it determined that the objections were filed out of time. That ruling was erroneous and will be vacated. After reviewing the merits of the objections, the Court concludes that the magistrate judge correctly decided the motions. Therefore, the objections will be overruled.

I.

On March 10, 2005, the plaintiff filed three motions: a motion to establish the entire Administrative Procedures Act as the only viable judicial review standard as established in 7 U.S.C. § 6999 [dkt # 167], a motion for leave to amend his complaint [dkt # 168], and a motion to add documents to the administrative record [dkt # 169]. The case was pending before Magistrate Judge Charles E. Binder under an order for general case management. Magistrate Judge Binder denied all three motions on August 15, 2005. The plaintiff filed motions for reconsideration on August 26, 2005, which the magistrate judge denied on September 2, 2005. The plaintiff then filed objections to the magistrate judge's orders on September 19, 2005. On October 13, 2005, the Court ordered

the objections overruled as untimely.

A magistrate judge may be delegated authority "to hear and determine any pretrial matter pending before the court," including procedural motions. 28 U.S.C. § 636(b)(1)(A). A party aggrieved by a magistrate judge's determination may file objections "[w]ithin 10 days after being served with a copy of the magistrate judge's order." Fed. R. Civ. P. 72(a). The plaintiff's objection in this case plainly were not filed within ten calendar days of the challenged order. However, the Court failed to account for the additional time allowed by Rule 6(a) when the prescribed time limit is eleven days or less, and the additional three days allowed when a paper is mailed as set forth in Rule 6(e). When those additional days are allowed, the plaintiff's objections are timely.

Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(g)(1) when the moving party to shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). The Court's failure to allow the additional time permitted under Rule 6 constitutes a palpable defect in its order of October 13, 2005 entitling the plaintiff to reconsideration of that order.

II.

Turning to the merits of the objections, it appears that the plaintiff is challenging the magistrate judge's rulings on all three procedural motions, although the objections have been presented in a single filing. This Court reviews an order by a magistrate judge on a non-dispositive matter to determine whether the decision is "clearly erroneous or contrary to law." 28 U.S.C. § 363(b)(1)(A); *see also* Fed. R. Civ. P. 72(a) (stating that upon receipt of timely objections, "[t]he

-2-

district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law"); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). A decision is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Company*, 333 U.S. 364, 395 (1948). Where there are two plausible views, a decision cannot be "clearly erroneous." *Anderson v. City of Bessmer City*, 470 U.S. 564, 573 (1985).

A.

The nature of this case is a challenge to the denial of the plaintiff's grant application by the United States Department of Agriculture. The plaintiff seeks review of this administrative decision. The plaintiff's first motion was to add documents to the administrative record [dkt # 169], specifically the Michigan annual reports and articles of incorporation of what appear to be several nonprofit corporations: Target Alpena 2000 Corporation; Northern Economic Initiatives Corporation; Alpena Community College Development Authority, Inc.; and Fivecap, Inc. Apparently the USDA awarded grants to these organizations. The magistrate judge denied the plaintiff's motion because it was premature. A review of the complete administrative record had not been conducted. The magistrate judge said he would permit the plaintiff to renew his argument when the merits of the case are under consideration. The plaintiff then filed a motion for reconsideration in which he requested that the magistrate judge clarify his previous decision. The magistrate judge denied the motion for reconsideration, but he did attempt to clarify his previous ruling when he wrote that "the question is whether an administrative decision is proper in light of an established record. The appropriate procedure for deciding such a question is by directing the

parties to file motions for summary judgment." Order Denying Mot. for Reconsideration at 1. The magistrate judge cited *Florida Fruit & Vegetable Ass'n v. Brock*, 771 F.2d 1455 (11th Cir. 1985), and *Sierra Club v. U.S. Fish and Wildlife Service*, 189 F. Supp. 2d 684 (W.D. Mich. 2002), in support.

The plaintiff's combined objections make no reference specifically to this order of the magistrate judge. Rather, the plaintiff simply "[o]bject[s] to all applicable legal issues involving the review of the administrative record in the order dated September 2, 2005." Pl.'s Obj. at 1, Sept. 19, 2005.

Judicial review of agency decisions is governed by the Administrative Procedure Act. The language prescribing the scope of review states:

> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall –
> . . .
> (2) hold unlawful and set aside agency action, findings, and conclusions found to be–
> (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
> (B) contrary to constitutional right, power, privilege, or immunity;
> (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
> (D) without observance of procedure required by law;
> (E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or
> (F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.
>
> In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

5 U.S.C. § 706. A court is generally required to confine its review to the administrative record

before the agency at the time the decision was made. *Sierra Club v. Slater*, 120 F.3d 623, 638 (6th Cir. 1997). The Sixth Circuit has explained:

> As a general matter, courts confine their review to the administrative record, which includes all materials compiled by the agency that were before the agency at the time the decision was made. . . . Several reasons justify supplementation of the administrative record, such as when an agency deliberately or negligently excludes certain documents, or when the court needs certain background information in order to determine whether the agency considered all of the relevant factors. . . . Courts have suggested that in order to justify supplementation, a plaintiff must make a strong showing of bad faith.

*Ibid.* (internal quotes and citations omitted).

The plaintiff has failed to make the showing required to allow expansion of the administrative record. It appears that the premise of the plaintiff's argument is that the USDA awarded grants to others who were ineligible, and therefore his chances of obtaining a grant were diminished. The same basis underlies the plaintiff's motion to amend the complaint, discussed below. However, how the agency acted on others' applications will not determine if that agency abused its discretion on this plaintiff's application, or whether its decision was supported by substantial evidence. The plaintiff has not met any of the exceptions to the general rule against expanding the administrative record. *See Esch v. Yeutter*, 876 F.2d 976, 991 (D.C. Cir. 1989). The magistrate judge's denial of that motion was not clearly erroneous.

B.

In his next motion, the plaintiff seeks to amend his complaint [dkt # 168] to include allegations that the defendant improperly categorized several grant applicants as eligible even though they do not comply with the requirement of 7 U.S.C. § 1932(c) (authorizing grants to be given "to public bodies and private nonprofit corporations"). The defendant opposed the motion and noted that the plaintiff previously filed two similar motions to amend his complaint, in March and

May 2003 [dkt #s 77, 111]. Both motions were denied by Magistrate Judge Binder, the plaintiff filed objections, and this Court overruled those objections [dkt #137]. The defendant states this motion should be denied for the same reason.

The magistrate judge noted that this motion to amend the complaint is very similar to a motion made by the plaintiff to amend his complaint in 2003, and he denied that motion because amendment would have been futile since it raises matters outside the court's jurisdiction to adjudicate under the APA. The magistrate judge found the same defects in the current motion and denied it. In his objections, the plaintiff clarified that he wants to add to his complaint allegations that pertain "only to an agency action on whether a pre-applicant is 'organized properly,'" arguing that the defendant's decision to award the grants to those improperly organized corporations is reviewable under *Darby v. Cisneros*, 509 U.S. 137 (1993).

Rule 15(a) states that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Leave should be liberally granted unless one of the following factors apply: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The proposed amendment in this case is futile. The plaintiff raised the same argument in a previous lawsuit before this Court dealing with the denial of a grant application by the USDA under the Rural Business Enterprise grant program. The Court rejected the plaintiff's efforts to add the successful grant recipients, stating:

> The plaintiff's argument that other pre-applications were scored improperly or that some applicants received points while the plaintiff's pre-applications did not receive points, does not result in an arbitrary or capricious decision by the USDA. The USDA determined the projects that have priority and which projects lack priority

> based on the promulgated guidelines. Although the plaintiff was competing for grant funds with others, only the plaintiff's pre-applications are before the Court in this administrative appeal. Their *relative* merit as against the other proposals is not a proper subject for review, especially when the other applicants are not before the Court to defend their own grant awards. *See Hansberry v. Lee*, 311 U.S. 32, 40-41 (1940) (holding that adjudicating the rights of persons not made parties and properly brought before the court offends the Due Process Clause); *see also Int'l Ass'n of Machinists Nat. Pension Fund v. Dickey*, 808 F.2d 483, 485-86 (6th Cir. 1987).

*Donaldson v. United States*, 268 F. Supp. 2d 812, 818 (E.D.Mich. 2003), *aff'd*, 109 Fed. Appx. 37 (6th Cir. 2004), *cert. denied*, 125 S. Ct. 1674 (2005).

The plaintiff now seeks to bring these other grant recipients before the Court, but he has no legal basis to do so. *Darby v. Cisneros*, which he cited, does not help him. In that case, the Supreme Court discussed whether courts have the authority to require a plaintiff to exhaust his administrative remedies before seeking judicial review under the APA where neither the statute nor agency rules specifically required exhaustion as a prerequisite to judicial review. The Court held that courts may not impose exhaustion requirements where the statute and agency rules do not contains such a requirement. During that discussion, the Court quoted section 10(c) of the APA, which the plaintiff quotes in his objections: "Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review. A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action." 5 U.S.C. § 704. However, the plaintiff fails to read this section in conjunction with the rest of the APA, specifically 5 U.S.C. § 702. That section, entitled "Right of Review," limits relief to "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. § 702. The plaintiff cannot say that he suffered a legal wrong because of the USDA's action on someone else's grant application.

This requirement that a plaintiff suffer his own legal wrong was discussed in *Public Citizen v. Lockheed Aircraft Corp.*, 565 F.2d 708, 714-15 (D.C. Cir. 1977):

> [W]e are governed by the Administrative Procedure Act, 5 U.S.C. § 702 (1970), which grants standing to challenge administrative action to any person suffering legal wrong . . . or adversely affected or aggrieved by it. . . . If the plaintiff fails the statutory test of showing the challenged action has adversely affected him, we need not address the constitutional issue. To meet this threshold requirement, a plaintiff must demonstrate that the challenged acts have harmed him or that he personally would benefit in some tangible manner from the court's intervention in the controversy.
> 
> . . .
> 
> An "injury in fact" need not be substantial to support federal court jurisdiction over this challenge to agency action; an identifiable trifle will suffice. . . . The injury may be one which [the plaintiff]'s members have already sustained or are immediately in danger of sustaining. . . . Nonetheless, the injury must be perceptible, concrete, specific[,] . . . and real and immediate rather than conjectural or hypothetical. . . . The injury must be particularized . . . and capable of direct redress by the court through the requested remedy. . . . A plaintiff may not rely on the remote possibility, unsubstantiated by allegations of fact, that [his] situation might have been better had respondents acted otherwise, and might improve were the court to afford relief.

*Id.* at 714-15 (internal quotes and citations omitted).

The plaintiff's proposed amendment is futile, and the magistrate judge's denial of the motion was not clearly erroneous. Although the plaintiff may challenge under section 702 of Title 5 the agency's denial of his own application for a grant, he cannot challenge the agency's decision to give grants to others because he is unable to demonstrate that "he personally would benefit in some tangible manner from the court's intervention in the controversy." *Public Citizen*, 565 F.2d at 714.

Moreover, this motion is almost identical to two motions to amend previously denied by the magistrate judge. In those motions, the plaintiff also sought to amend his complaint to add allegations that the agency improperly considered these same corporations as eligible applicants even though they failed to meet the requirement of "private non profit corporation." Those motions

-8-

were properly denied by the magistrate [dkt ## 100, 127], and the plaintiff's objections were overruled by this Court [dkt # 137].

C.

Finally, in his third motion the plaintiff asked the magistrate judge to find that review of the USDA's decision is governed by the entire administrative procedure act [dkt #167], not just the arbitrary and capricious standard. He cites *Deaf Smith County Grain Processors, Inc. v. Glickman*, 162 F.3d 1206, 1211 (D.C. Cir. 1998), for the proposition "that APA is unbounded and second 'that NAD determinations are reviewable pursuant to all of the judicial review provisions of the APA.'" The magistrate judge denied the motion because it was premature, noting that "the question is whether an administrative decision is proper in light of an established record. The appropriate procedure for deciding such a question is by directing the parties to file motions for summary judgment." Order Denying Mot. for Reconsideration at 1. The plaintiff's objections do not specifically address this ruling or its rationale.

The magistrate judge is correct. The plaintiff in essence seeks advice on the applicable standard of review before the issues are properly framed in his dispositive motion. The case-or-controversy rule and the prohibition against advisory opinions do not allow the dispensation of that sort of advice at this stage of the proceedings. "Under the 'case or controversy' requirement, [the court] lack[s] authority to issue a decision that does not affect the rights of the litigants." *Coalition for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 458 (6th Cir. 2004). "[T]his constitutional limitation has been interpreted as precluding the federal courts from issuing advisory opinions." *McCurry ex rel. Turner v. Adventist Health System/Sunbelt, Inc.*, 298 F.3d 586, 597 (6th Cir. 2002).

The magistrate judge appropriately noted that the court will need to decide the standard of review when it decides any summary judgment motion filed in this case; however, until such a motion is filed, the court cannot decide what standard of review will apply without the context of the dispositive motion. To decide what standard of review might apply in a motion to be filed in the future would be to issue an advisory opinion. *See Coalition for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 458 (6th Cir. 2004); *McCurry ex rel. Turner v. Adventist Health System/Sunbelt, Inc.*, 298 F.3d 586, 597 (6th Cir. 2002).

### III.

The Court finds that its prior order holding the plaintiff's objection untimely was erroneous. However, the plaintiff's objections lack merit, and the magistrate judge's decisions on the three procedural motions were not clearly erroneous or contrary to law.

Accordingly, it is **ORDERED** that the plaintiff's motion for reconsideration [dkt # 187] is **GRANTED**. The Court's order overruling the plaintiff's objections entered October 13, 2005 is hereby **SET ASIDE**.

It is further **ORDERED** that the plaintiff's objections to the magistrate judge's order denying his procedural motions and denying rehearing [dkt # 185] are **OVERRULED.**

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: November 14, 2005

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 14, 2005.

        s/Tracy A. Jacobs
        TRACY A. JACOBS