UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARK P. DONALDSON,

                Plaintiff,

                                                Case Number 99-10433

v.                                          Honorable David M. Lawson

UNITED STATES OF AMERICA,

                Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR
## ACCESS TO COURT'S ELECTRONIC SERVICES
## AND RECONSIDERATION OF NOVEMBER 14, 2005 ORDER

Before the Court is the plaintiff's motion seeking two forms of relief: reconsideration of the Court's order denying his motions to establish the entire Administrative Procedures Act as the only viable judicial review standard, for leave to amend his complaint, and to add documents to the administrative record; and "equal access" to the Court's electronic filing procedures. The case is now before the magistrate judge on an order for pretrial management. Therefore, the magistrate judge has the authority to adjudicate the part of the plaintiff's motion concerning electronic filing. However, the magistrate judge has no authority to "reconsider" an order of the district court. *See Taylor v. Nat'l Group of Cos., Inc.*, 765 F. Supp. 411, 413-14 (N.D. Ohio 1990) (holding that "[s]ection 636 of the Federal Magistrates Act, which establishes the jurisdiction and powers of federal magistrates, does not authorize magistrates to reconsider prior rulings of a district judge in referred cases"). In the interest of judicial economy and efficient case management, therefore, the Court will withdraw the reference order with respect to the present motion and decide all the issues.

Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(g)(1) when the moving party to shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that

correcting the defect will result in a different disposition of the case.  E.D. Mich. LR 7.1(g)(3).  A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain.  *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich.  2002) (citations omitted).

The plaintiff here has not demonstrated any mistake of fact or law that amounts to a "palpable defect."  Rather, the plaintiff re-asserts the arguments presented the first time around. The Local Rules provide, however, that any "motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted."  E.D. Mich. LR 7.1(g)(3).  The Court will deny the portion of the motion that seeks reconsideration.

The plaintiff also seeks to participate as a filing user in the electronic case filing system for the United States District Court for the Eastern District of Michigan.  He cites the Court's Electronic Filing Policies and Procedures in support of his request.  Those Policies and Procedures have been made a part of the Local Rules of this Court.  *See* E.D. Mich. LR 5.1.1(a).  Rule 3 of the Policies and Procedures states that "[a] filing user must be an attorney admitted to practice in the Eastern District of Michigan or be an attorney authorized to represent the United States Government, and be a member in good standing."  ECF Pol. & Pro. R3(a).  The plaintiff has not demonstrated that he meets these requirements, and therefore he has not shown that he is eligible to become a filing user and participate in the electronic filing system.

Accordingly, it is **ORDERED** that the plaintiff's motion for access to the Court's electronic

services and for reconsideration of the order of November 14, 2005 [dkt # 189] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   December 2, 2005

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served
upon each attorney or party of record herein by electronic means or first
class U.S. mail on December 2, 2005.

s/Tracy A. Jacobs
TRACY A. JACOBS