UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARK P. DONALDSON,

        Plaintiff,

                                              Case Number 99-10433
v.                                            Honorable David M. Lawson

UNITED STATES OF AMERICA,

        Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR
## REQUIRED STATEMENT FROM COURT

This matter is before the Court on the plaintiff's motion for an order allowing him to file an interlocutory appeal from this Court's December 2, 2005 order denying the plaintiff's motions for reconsideration and access to the Court's electronic services. The Court in its discretion may certify an interlocutory appeal from an order if "(1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002). An issue presents a substantial ground for difference of opinion when (1) the issue is difficult and of first impression, (2) a difference of opinion exists within the controlling circuit, or (3) the circuits are split on an issue. *W. Tenn. Chptr. of Assoc. Builders & Contrs., Inc. v. City of Memphis*, 138 F. Supp. 2d 1015, 1018-19 (W.D. Tenn. 2001). Interlocutory appeals are granted sparingly and only in exceptional cases where an immediate appeal may prevent protracted litigation. *In re City of Memphis*, 293 F.3d at 350.

The Court finds that its December 2, 2005 order did not involve controlling questions of law. The plaintiff has sued the government alleging improper disbursement of grant funds. In its

December 2, 2005 order, the Court ruled that the plaintiff's motion for reconsideration had not demonstrated a "palpable defect" and that the plaintiff did not qualify as an e-filer under the eligibility requirements of Rule 3 of the Policies and Procedures. In reaching this decision, the Court did not examine any novel legal issues or controlling questions of law. Although the plaintiff contends this decision was erroneous, he has not shown that the Court relied on controlling issues of law in reaching the decision and thus, he is not entitled to an interlocutory appeal.

The plaintiff also has not demonstrated that a substantial ground for difference of opinion exists regarding the correctness of the Court's December 2, 2005 order. For example, the plaintiff has not shown that the Sixth Circuit would treat the issues differently. Because the plaintiff has not demonstrated that there would be a difference of opinion in the circuits regarding this Court's decision, he is not entitled to file an interlocutory appeal from the decision.

Finally, the plaintiff has not shown how granting his motion would advance the litigation in this case. As he has failed to show that an appeal would have any merit in the first place, there is no reason to think that allowing the plaintiff to appeal this Court's order would advance, rather than prolong, a case that was filed in this Court in November 1999.

Accordingly, it is **ORDERED** that the plaintiff's motion for required statement from court [dkt # 191] is **DENIED**.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated: December 15, 2005

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 15, 2005.

                                  s/Tracy A. Jacobs
                                  TRACY A. JACOBS